# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

HENRY E. STUTLER,

        Plaintiff,

v.                                CIVIL ACTION NO.   2:25-cv-00230

DONALD F. AMES, *Superintendent*, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *pro se Complaint* (Document 1), brought on grounds that the Defendants violated his constitutional and civil rights pursuant to 42 U.S.C. § 1983.   By *Administrative Order* (Document 4) entered on April 10, 2025, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On January 13, 2026, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 12), wherein it is recommended that this Court dismiss the Plaintiff's complaint and remove this matter from the Court's docket.

Objections to the Magistrate Judge's PF&R were originally due by January 27, 2026.   By *Order* (Document 14) entered on January 27, 2025, the objection deadline was extended to February 27, 2026.   The *Plaintiff's Response, Objection to the Honorable United States Magistrate Judge Proposed Finding and Recommendation* (Document 15) was docketed on March 4, 2026, with a Certificate of Service dated February 19, 2026, and a postmark of February 20,

2026.[1]   In addition to objections to the findings and recommendation in the PF&R, the Plaintiff asserted two new claims alleging deliberate indifference by Defendants Joshua Shrewsberry and Pamela Givens.   For the reasons stated herein, the Court finds that the objections to the PF&R should be overruled, the PF&R should be adopted, and the Plaintiff's newly raised claim relating to Defendant Givens should be referred to the Magistrate Judge for further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims.   The Court now incorporates by reference those facts and procedural history.   To provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, Henry E. Stutler, is an inmate at Mount Olive Correctional Complex ("MOCC").   The Plaintiff asserts numerous Eighth Amendment claims against the Defendants.[2] Specifically, he alleges that he was given the wrong medication by Wexford Health Sources, Inc., medical staff, which caused him to feel dizzy and lightheaded and ultimately led to him breaking his ankle after blacking out and falling.   He also asserts that he informed Nurse John Doe/Jane Doe #1 of his condition prior to his injury, who advised him to "take it easy."   (Compl. at 4.)   He further alleges that on April 13, 2023, Defendant Wooten failed to contact medical after the Plaintiff broke his ankle, resulting in a few hours of delay in receiving medical care.[3]

---

[1] Given the date on the Certificate of Service and the postmark date, the Court presumes that the Petitioner timely submitted his Objections.

[2] The Plaintiff has named as Defendants Donald F. Ames, Superintendent, Wexford Health Sources, Inc., Pamela Givens, Jason Wooten, Sandra May, John Does, and Jane Does.

[3] Judge Aboulhosn also construed the Plaintiff's complaint as one claiming supervisor liability against Defendant Ames, given that he was named as a Defendant.

In his objections, the Plaintiff also raised new claims of deliberate indifference by Defendants Joshua Shrewsberry and Pamela Givens. As it relates to his claim against Defendant Shrewsberry, the Plaintiff alleges that after breaking his ankle, he was taken to the Facility Infirmary Medical Unit, where Defendant Shrewsberry, a physician assistant, "had the Plaintiff's foot x-rayed and clearly seen it was broken in several areas." (Objs. at 5.) The Plaintiff further alleges that rather than call an ambulance to have the Plaintiff transported to the hospital, Defendant Shrewsberry had the Plaintiff transported by two correctional officers in a cruiser. The Plaintiff alleges that because he could not sit in an upright position due to his broken ankle, he had to be dragged in and out of the cruiser, which caused him "to sustain extreme pain." (*Id.*)

As to his claim against Defendant Givens, the Plaintiff alleges that Defendant Givens, as the Health Services Administrative, was responsible for "retain[ing] the Off Cite Doctor's instructions and set appointments schedule records." (*Id.* at 6.) The Plaintiff further alleges that after returning from his surgery at the hospital on April 26, 2023, he gave correctional officers his medical records that had him scheduled for a follow up appointment in two weeks. The Plaintiff alleges that he "was not return[ed] to keep the follow up for six weeks later as noted by the Doctor['s] medical records." (*Id.*) The Plaintiff also alleges that his doctor had his foot placed in a walking cast and instructed him not to take it off. He alleges that Defendant Givens "failed to keep or make arrangements for the Plaintiff to be able to keep his doctor's appointment after surgery" and "overrode the off cite doctor's appointment and removed the walking boot" (*Id.*) The Plaintiff alleges that he obtained an infection because of a lack of timely follow-up and suffered pain and swelling as a result of having to walk on his foot without a walking cast.

3

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

Judge Aboulhosn recommends that the Plaintiff's claims be dismissed.   He first found that the Plaintiff failed to allege plausible Eighth Amendment claims against Defendant Wexford Health Sources ("WHS") and its medical staff.  He found that the Plaintiff did not allege facts demonstrating a policy or custom of WHS caused a constitutional violation or that WHS staff acted with deliberate indifference. Judge Aboulhosn also found that the Plaintiff failed to establish supervisory liability against Defendant Ames because the Plaintiff failed to assert any allegation demonstrating that Defendant Ames was involved in alleged constitutional violations against the Plaintiff, authorized such constitutional violations, or acted with deliberate indifference to a pervasive and unreasonable risk of harm to the Plaintiff.   Lastly, Judge Aboulhosn found that the

4

Plaintiff failed to raise sufficient claims against Defendant Wooten. Specifically, he found that the Plaintiff failed to assert a cognizable § 1983 claim by asserting that Defendant Wooten violated policy for failing to contact medical. He further found that to the extent the Plaintiff is asserting an Eighth Amendment claim for deliberate indifference, such a claim likewise fails due to Defendant Wooten believing that the Plaintiff stubbed his toe and the delay in medical care being only brief.

The Plaintiff objects to the PF&R. He contends that the Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. The Plaintiff further contends that Defendant Shelby[4] violated his Eighth Amendment rights by acting with deliberate indifference due to her failure to respond to his health risks and to "follow reasonable protocol, check the Plaintiff['s] blood pressure, and other vital[s] to assure [that] he was not. . . hav[ing] a stroke or heart attack." (Objs. at 3.) The Plaintiff asserts that Defendant Wooten also acted with deliberate indifference due to failing to obtain medical care for his broken ankle. He asserts that Defendant Shrewsberry violated his Eighth Amendment rights by deciding to have the Plaintiff transported in a cruiser rather than an ambulance. He also contends that Defendant Givens acted with deliberate indifference by failing "to keep or make arrangements for the Plaintiff to be able to keep his doctor's appointment after surgery," resulting in an infection, and by removing his walking cast and failing to properly train and supervise her employees. (*Id.* at 6.)

The Plaintiff reasserts several of his factual allegations and arguments raised in his complaint relating to Eighth Amendment violations for denial of medical care and deliberate indifference by medical staff and Defendant Wooton. To the extent the Plaintiff reasserts factual

---

[4] Defendant Shelby was originally identified as John Doe/Jane Doe #1 in the Plaintiff's complaint.

allegations and arguments found in his complaint, such allegations and arguments were considered by Judge Aboulhosn in his PF&R and fail to "direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Therefore, the Court need only review the PF&R for clear error as it pertains to those claims. *Id.*; *see also Lively v. Reid*, No. 1:20-cv-119-MOC-WCM, 2021 WL 4505607, at *1 (W.D. N.C. Oct. 1, 2021) ("To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." (quoting *Lesser v. TD Bank, N.A.*, 463 F.Supp.3d 438, 445 (S.D. N.Y. 2020))). Upon review, the Court finds no error in the PF&R. Accordingly, the Plaintiff's objections as to his reasserted claims should be overruled.

To the extent the Plaintiff asserts a claim of deliberate indifference by Defendant Shelby for her failure to provide medical care once the Plaintiff mentioned that he was dizzy and lightheaded,[5] the Court finds this claim insufficient to establish an Eighth Amendment violation for deliberate indifference. As discussed in further detail below, deliberate indifference requires an "inmate to demonstrate a 'substantial risk of serious harm.'" *King v. Riley*, 76 F.4th 259, 264 (4th Cir. 2023) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Many courts have determined that dizziness or lightheadedness is not a serious medical condition rising to the level of a substantial risk of serious harm. *See, e.g.*, *Ramos v. Thompson*, No. 2:24-cv-02128-CDS-NJK, 2025 WL 2412370, at *5 (D. Nev. Aug. 20, 2025) (stating that an inmate "feeling lightheaded and allegedly swaying is not a serious medical issue"); *Hanks v. Ramos*, No. 3:06-cv-195-DGW, 2009 WL 3156692, at *4 (S.D. Ill. Sept. 29, 2009) (stating that an inmate's "subjective complaints

---

[5] This issue appears to have been raised, although not clearly, in the Plaintiff's complaint but not directly addressed by the PF&R, although similar to those issues that were addressed.

of nausea, dizziness, shortness of breath, and chest pains have been determined as a matter of law to be insufficient to state a serious medical need" (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999))); *Carter v. Tanner*, No. 11-2733, 2014 WL 1329784, at *6 (E.D. La. Mar. 21, 2014) (finding that an inmate's symptoms, including "loss of appetite, muscle aches, joint pain, weakness, lightheadedness, nausea, loss of muscle mass, and fatigue. . . do not pose a 'substantial risk of serious harm'" (quoting *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008))). Although the Plaintiff's condition transformed into a serious one, (a broken ankle after blacking out), he only suffered from dizziness and lightheadedness at the time he informed Defendant Shelby of his condition. *See Brown v. Cascadden*, 18-cv-483-bbc, 2019 WL 6174365, at *3 (W.D. Wis. Nov. 20, 2019) (stating that "a reasonable jury would not conclude that the temporary symptoms of shakiness, lightheadedness and diarrhea experienced by plaintiff placed him at a substantial risk of serious harm, even if he later fell because he was lightheaded"). Thus, he was not suffering from a serious medical condition at that time, and therefore, cannot establish that Defendant Shelby was deliberately indifferent. This objection should be overruled.

The Plaintiff also raises additional claims involving Defendant Shrewsberry and Defendant Givens. Although the Court is not required to review these claims given that they were not raised in the Plaintiff's complaint nor addressed in the PF&R, see *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (explaining that a district court has no obligation to hear new claims raised in objections to the PF&R), the Court addresses them below. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F.Supp.3d 607, 620 (D. S.C. 2017) (explaining that the power to address new arguments raised for the first time in objections to the PF&R "lies within the court's sound discretion" (citing *Dune v. G4s Regulated Sec. Sols., Inc.*, No. 0:13-cv-01676, 2015 WL799523,

7

at *2 (D. S.C. Feb. 25, 2015))).

Beginning with the Plaintiff's Eighth Amendment claim against Defendant Shrewsberry, the Plaintiff alleges that Defendant Shrewsberry violated his Eighth Amendment rights by having him transported to the hospital for his broken ankle in a cruiser rather than an ambulance. "Prison officials violate the Eighth Amendment's cruel-and-unusual-punishment clause when they are deliberately indifferent to a substantial risk to an inmate's safety or medical needs." *King*, 76 F.4th at 264 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish deliberate indifference, a plaintiff must establish an objective and subjective prong, which require the plaintiff to demonstrate (1) "a 'substantial risk of serious harm,'" and (2) "that the prison official knew about this substantial risk and recognized that their response to that risk was inadequate." *Id.*

Once aware of an inmate's serious medical need, a prison official "need only. . . respond reasonably to the risk." *Phoenix*, 95 F.4th at 859 (quoting *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021). "To find the prison official[] liable, the treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Hixson*, 1 F.4th at 303. This standard requires "'more than mere negligence,' but 'less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* (quoting *Farmer*, 511 U.S. at 835).

The Plaintiff alleges that although Defendant Shrewsberry was aware of his broken ankle after having it x-rayed, he had the Plaintiff transported to the hospital in a cruiser, rather than an ambulance, causing him to suffer extreme pain. These allegations clearly demonstrate that Defendant Shrewsberry was aware of the Plaintiff's condition at the time he was transported. The

8

Plaintiff's condition—a broken ankle—is sufficiently serious given that any lay person would easily recognize that a broken ankle requires immediate medical attention.

Although Defendant Shrewsberry was aware of the Plaintiff's condition, his alleged conduct is insufficient to demonstrate that he acted with deliberate indifference. Given that Defendant Shrewsberry was in the process of having the Plaintiff transported to the hospital for his broken ankle, Defendant Shrewsberry, at most, may have been negligent in choosing to have the Plaintiff transported in a cruiser rather than an ambulance, which as previously mentioned, does not rise to the level of deliberate indifference. *See Hixson*, 1 F.4th at 303. Thus, the Plaintiff does not have a valid claim for deliberate indifference against Defendant Shrewsberry, and his objection should be overruled.

Having determined that the Plaintiff does not have a valid claim against Defendant Shrewsberry, the Court turns to the Plaintiff's Eighth Amendment claim against Defendant Givens. The Plaintiff alleges that Defendant Givens, as the "Health Services Administrative," who is "responsible [for] retain[ing] the Off Cite Doctor's instructions and set appointments schedule records," had a duty to transport him to his scheduled follow-up appointment at Montgomery General Hospital, but failed to do so. (Objs. at 6.) He further alleges that correctional officers were given medical records containing information about his scheduled appointment. The Plaintiff contends that his doctor instructed him to wear a walking cast following his surgery, but that Defendant Givens has since had his walking cast removed. The Plaintiff asserts that Defendant Givens' failure to permit him to attend his appointment resulted in an infection and that her removal of his walking cast caused pain and swelling due to him having to walk without the cast.

9

These allegations are sufficient to demonstrate that Defendant Givens was deliberately indifferent. As previously mentioned, the Plaintiff's broken ankle is a serious medical condition. Additionally, Defendant Givens was aware of the Plaintiff's condition and his follow-up appointments after his surgery, as well as any instructions by his doctor, given that the Plaintiff has alleged she was responsible for retaining such information.

The Plaintiff alleges that Defendant Givens failed to make arrangements for him to attend his scheduled appointment following his surgery. Moreover, she also deviated from the instructions by the Plaintiff's doctor to not remove his walking cast. Refusing to allow an inmate to attend medical appointments and failing to follow a doctor's orders have been found to rise to the level of deliberate indifference. *See, e.g.*, *Bowens v. Cannon*, 175 Fed.Appx. 635, 636 (4th Cir. 2006) (finding allegations "that medical personnel failed to properly clean and dress the surgical wound, failed to issue the prescribed antibiotics, and caused [the inmate] to miss follow-up appointments. . . sufficient to state a claim of deliberate indifference to his serious medical needs"); *Formica v. Aylor*, 739 Fed.Appx. 745, 758 (4th Cir. 2018) (finding sufficient facts to establish deliberate indifference where nurse refused to schedule an inmate's dental appointment, despite the jail dentist's recommendation, due to the inmate's inability to pay for treatment); *O'Neil v. United States*, 5:07-cv-00358, 2008 WL 906470, at *6 (S.D. W. Va. Mar. 31, 2008) (finding valid claim of deliberate indifference where inmate alleged that the defendants "interfere[d] with his physician-ordered medical treatment and follow-up appointments"). Such is the case with the Plaintiff's, where not complying with a physician's orders has allegedly led to further injuries—i.e., an infection, swelling, and pain. *Cf. Carr v. Head*, No. 107CV180-03-MU, 2007 WL 1500820, at *3 (W.D. N.C. May 21, 2007) (finding no deliberate indifference due to the

10

plaintiff failing to "allege any further injury from the refusal to allow him to attend his follow up appointment or from the refusal to provide him the medicine prescribed"); *see Formica*, 739 Fed.Appx. at 758.

Because the Plaintiff has alleged facts sufficient to establish a valid Eighth Amendment claim of deliberate indifference against Defendant Givens, the Court finds the claim against this Defendant should proceed.   Accordingly, the Plaintiff's objection as to Defendant Givens should be sustained.

### CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's Objections (Document 15) be **OVERRULED** as to the *Proposed Findings and Recommendation* (Document 12), that the PF&R be **ADOPTED**, and that Defendants Donald F. Ames, Wexford Health Sources, Inc., Jason Wooten, Sandra May, John Does/Jane Does, and Joshua Shrewsberry be **DISMISSED** from this case.

The Court further **ORDERS** that the Plaintiff's Objections (Document 15) be **SUSTAINED** as to the claims against Defendant Pamela Givens and that this matter be referred to Judge Aboulhosn for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      May 4, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11